# Rains v. Patton.

*Assumpsit.*

(Decided December 17, 1914.  67 South. 600.)

1. *Frauds; Statute of; Agreement Not to be Performed Within the Year.*—Under section 4289, Code 1907, a written agreement reciting a purchase by plaintiff of the stock and fixtures of a drug company wherein defendant, one of the company, promised to repurchase said stock, at plaintiff's election within two years, expressed no consideration for the promise and was void, whether or not there was a consideration in fact; and such contract was not relieved of such requirement by section 3966, Code 1907, since that is a rule of evidence not affecting the validity of the contract.

2. *Same.*—The rule that an offer to buy or sell becomes binding if seasonably accepted before its lapse or withdrawal can operate only in subordination to the statutes of fraud requiring that an agreement not to be performed within one year must be in writing, stating the consideration, which presupposes an offer in form such as if accepted, would constitute a contract within the statute; hence, where the agreement was void when made, it could not thereafter be validated by a so-called acceptance.

3. *Same.*—Subdivision 1 of section 4289, Code 1907, applies to all agreements, unilateral as well as bilateral, and a plaintiff who would hold a defendant liable for the breach of any agreement within the statute must show that it is evidenced by such a writing.

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN C. PUGH.

Assumpsit by A. B. Rains against John W. Patton. Judgment for defendant, and plaintiff appeals. Affirmed.

The complaint contained the common count, and certain counts claiming damages for breach of the contract, which is set out in the opinion. The defense set up was that of the statute of frauds.

ALLEN. & BELL, for appellant.

FRANK S. WHITE & SONS, for appellee.

SOMERVILLE, J.— (1) The vital and decisive question in this case is whether or not the written agreement upon which the plaintiff must rely for a recovery is obnoxious to the statute of frauds.

The agreement in question is as follows:

"Birmingham, Ala., 5/23/08.

"This agreement witnesses that whereas A. B. Rains has purchased the drug stock and fixtures of the Patton-Pope Drug Co., situated on the corner of Second avenue and Twentieth street, Birmingham, Ala., and has paid the said P. P. Drug Co. in cash for the same, now John W. Patton of the said firm hereby covenants and binds himself unto the said A. B. Rains to repurchase said stock and fixtures from the said Rains at the same price he has paid for the same at the expiration of two (2) yrs. from this date should the said Rains elect to sell the same. That is, the said Patton agrees to purchase said stock and fixtures at cost as they shall inventory in two years if Rains elects to sell the same. Wear and service to be deducted from fixtures."

It will be observed that this agreement is upon its face a nudum pactum—a purely gratuitous promise on the part of the defendant, Patton, to buy a drug business at the end of two years if the plaintiff, Rains, then offered to sell it to him. Rains is utterly without obligation in the matter, and has, prima facie, nei-

ther given value to Patton nor suffered any detriment himself.

It is claimed by the plaintiff that there was in fact a consideration of value which moved to the defendant. It is, however, so far as the statute of frauds is concerned, wholly immaterial whether there was or was not a consideration in fact. If the consideration be not expressed in the writing, the agreement does not bind.

This agreement was by its terms not be performed for more than a year, and hence falls within subdivision 1 of the statute (section 4289, Code 1907) ; and, no consideration for the defendant's promise being expressed in the writing, the promise is without legal value or effect.

Contracts within the statute are, of course, not relieved of this requirement by section 3966 of the Code, under which a written contract upon which the suit is founded is prima facie presumed to be supported by a sufficient consideration.—*Rigby v. Norwood,* 34 Ala. 129; *Speer v. Crowder,* 32 South. 658. That is a mere rule of evidence, and has nothing to do with the formal validity of the contract.

(2) The effect of the statute of frauds is supposed by plaintiff to be avoided by the rule of law that an offer to buy or sell becomes binding on the offerer if it be seasonably accepted by the offeree before its lapse or withdrawal; the theory being that this agreement to buy at the end of two years may be regarded as a continuing offer to buy, which became thus binding.

This rule, however, can operate only in subordination to the statute of frauds, and not in contravention of it. It presupposes an offer in such form as, if accepted, would constitute a mutual contract in conformity with the requirements of the statute. In the instant case the agreement to purchase at the end of two years

was void and unenforceable when made, and could not thereafter be rendered valid and enforceable by a so-called acceptance of it.

(3) The statute is applicable to all agreements, unilateral as well as bilateral and mutual; and a plaintiff who would hold a defendant liable for the breach of any agreement within the scope of the statute must show that it is evidenced by such a writing as the statute prescribes.

The writing here exhibited was deficient in this respect, and imposed upon its maker no obligation, present or prospective, actual or potential. It was therefore properly rejected as evidence by the trial court.

Without its aid the plaintiff could not sustain any cause of action against the defendant, and it therefore becomes unnecessary to consider other questions presented by the record.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.