163 So. 647

**MURPHREE v. STARRETT et al.**

**7 Div. 329.**

Supreme Court of Alabama.
Oct. 17, 1935.

Chas. F. Douglass, of Anniston, for appellant.

Duke Logan, of Anniston, for appellees.

124

KNIGHT, Justice.

Appellant, complainant in the court below, filed the bill in this cause against the appellees, nonresidents of the state of Alabama, and who resided in the state of Texas, praying that, upon final hearing, the court should decree a personal judgment against the defendants for the sum of $400, with interest thereon from a certain date; and, in the alternative, that the defendants be restrained from disposing of the property received by them from J. V. Leatherwood, deceased, the father of certain of the defendants, and grandfather of three of the named defendants; and that whatever personal decree the court might render in behalf of complainant be accompanied by a restraining order prohibiting defendants from disposing of said property until the decree is satisfied.

The salient facts stated in the bill are: That the said J. V. Leatherwood, ancestor of the defendants, on the 30th day of November, 1910, sold and conveyed to one Mary Maddox, for the consideration price of $600, certain described lands in Calhoun county, Ala. At the time of this conveyance, Mr. Leatherwood was a resident of the state of Texas, but was temporarily in Alabama when he made and delivered this conveyance. In his deed to Maddox, the grantor described himself as a widower. That the said grantor died in the state of Texas during the month of September, 1911, leaving a last will and testament, which was duly probated in the probate court of Crosby county, in the state of Texas, and letters of administration were duly issued thereon, and long prior to the filing of the bill in this cause

the administration of said estate had been duly closed. By the terms of his will, after making a specific devise of certain lands to his daughter, Martha A. Leatherwood, the testator devised all the "rest, residue and remainder" of his estate to his children, in equal shares. Under this will the defendants, Mrs. Bam Leatherwood Richardson and Mrs. Bell Leatherwood Starrett, daughters of the testator, acquired certain real and personal property, and P. H. Leatherwood and M. G. Leatherwood, sons of the testator, also acquired certain real estate and personal property. However, before the filing of the bill, the said M. G. Leatherwood died, and the defendants, J. D. Leatherwood, Calvin B. Leatherwood and W. Happell Leatherwood, sons of the deceased M. G. Leatherwood, succeeded by inheritance to the lands acquired by their deceased father under the will of his father, the said J. V. Leatherwood, and said three named defendants still own and are in possession of said lands, 400 acres, which are averred to be worth $25 per acre. All the property received from their father by the defendants is situated in the state of Texas.

While the bill, as amended, avers that some of the defendants had sold and conveyed a part of the property acquired by them from the said J. V. Leatherwood, deceased, it appears that the defendants still have in their possession and ownership a large part of the property, worth many times the amount of any possible judgment that the complaint could recover on his cause of action, and said property is of easy identification.

The complainant avers that while the said J. V. Leatherwood, deceased, conveyed the lands to Mary Maddox as the owner in fee simple thereof, with warranty of title, he, in fact, only owned a life estate therein; that the remainder interest was owned by the children of Mrs. L. C. Leatherwood, deceased, who was at the time of her death, the wife of said J. V. Leatherwood, now deceased.

The bill avers that Mary Maddox, the grantee in the deed of J. V. Leatherwood, departed this life in 1928, and that at the time of her death she still held and had possession of the lands in Calhoun county, Ala., which were conveyed to her by said J. V. Leatherwood, deceased; that by her last will and testament the said Mary Maddox devised said lands to complainant; that

he went into possession of, and continued to hold, the same until August, 1930, "when through legal proceedings in the Circuit Court of Calhoun County, started after the death of the said Mary Maddox in 1928, respondents, along with Cora Leatherwood, as the heirs at law of Mrs. L. C. Leatherwood, deceased, recovered said property from complainant and dispossessed him, since which time he has been deprived of all right, title and interest in said property." It is averred that by the loss of said property he has been damaged in the sum of $400, being the difference in value of the life estate and the consideration price paid for the full title.

The bill proceeds upon the theory that the complainant, devisee under the will of Mary Maddox of the lands conveyed to Mary Maddox, deceased, having been evicted by the owners of the true title to said lands, thereby creating a breach in the warranty contained in the deed of Leatherwood to Mary Maddox, has a just claim against the estate of the grantor, the said J. V. Leatherwood, deceased, enforceable against the property of said decedent, and since the defendants had acquired the said property by devise from the said J. V. Leatherwood, and had sold and conveyed to bona fide purchasers a part of the same, the complainant was and is entitled to a personal decree against the respondents for the amount of his damages, notwithstanding the fact that all of said property is located in the state of Texas, and notwithstanding the fact that the defendants are nonresidents of the state, but who had filed appearance in this cause.

In his bill, the complainant avers that the transaction is governed by the laws of Texas, and proceeds to set out the act governing the case and the decision construing the same. In the alternative, the pleader avers that the Alabama laws govern the case.

To the bill as amended, the respondents made a general appearance, and separately and severally file numerous grounds of demurrer thereto. One ground of demurrer challenges the equity of the bill.

█ It may be conceded that the covenant of warranty in the deed of J. V. Leatherwood to Mary Maddox was made in Alabama, concerned land in Alabama, and was made to an Alabama resident by Leatherwood while he was in Alabama. It was an Alabama contract, enforceable against Leatherwood in any court of competent jurisdiction in this state, which could secure jurisdiction of him. Falls v. United States Savings, Loan & Building Co., 97 Ala. 417, 13 So. 25, 24 L. R. A. 174, 38 Am. St. Rep. 194.

Whether the case is to be determined by the Texas law, or the laws of this state, matters not, for we find that there is no material difference in the laws of Texas and Alabama, as to the liability of the heir, devisee, legatee, or distributee for the debt of a decedent, where such heir, devisee, legatee, or distributee has received assets subject to the charge the statutes impose.

In Alabama, it is provided by statute, section 5821: "All the property of the decedent, except as otherwise provided, is charged with the payment of his debts, and, if necessary, may be sold for that purpose." Section 2596 of the Code of 1907, the immediate progenitor of section 5821, was in identically the same language.

█ Of course, the provision of the statute charging the property of decedents with the payment of debts applies only to property in the state of Alabama. The statute cannot control property located elsewhere, nor can the Alabama statute subject real estate in another state to any lien for existing debts of a decedent in such other state.

█ We may here say that the claim of Mary Maddox, and of the complainant as successor to her title and interest, was contingent, and her, or his, cause of action did not come into existence until the complainant was evicted. Eviction, actual or constructive, vitalized the assurance the warranty gave for quiet enjoyment into liability. Dallas Compress Co. v. Liepold et al., 205 Ala. 562, 88 So. 681, 686.

In the case of Dallas Compress Co. v. Liepold et al., supra, this court had occasion to deal with a case very similar to the one now before the court, except that the lands there involved were located in Alabama, and the parties were all residents of Alabama. It was held in that case that: "In this state there is no statute imposing personal liability upon the heir, devisee, legatee, or distributee for the debt of a decedent, even to the extent of assets received. Here the only possible theory for accountability of such beneficiaries results from and is limited by the reception of assets which were received subject

to the charge the statute (section 2596) imposes; and necessarily this obligation is not personal in the sense of a primary promise to pay the decedent's debt. It is consequential only, equitable in nature, and, in this jurisdiction, may be enforced in a court of equity, through its processes for appropriating or devoting the subject of a charge to the purpose of its imposition. Rohrbaugh v. Hamblin, 57 Kan. 393, 46 P. 705, 57 Am. St. Rep. 334, 336, 337; Chitty v. Gillett, 46 Okl. 724, 148 P. 1048, L. R. A. 1916A, 1181 et seq."

It will be noted that in the Dallas Compress Co. v. Liepold Case, supra, no personal decree was sought, but the court held the bill contained equity, under its general prayer, which invoked the relief and remedy to charge the real estate devised by Ikelheimer to Mrs. Liepold, and by her devised to the individual respondents.

The pronouncement of this court in the above-cited case is the rule adopted and now prevailing in this state on the subject of the accountability of the heirs, or devisees, for debts of their decedent.

However, we are fully persuaded that the equity of the present bill must be determined by the laws of Texas, which define and declare the accountability of heirs, devisees, legatees, or distributees for debts of the decedent from whom they acquire and hold, either by will, or descent, his property. To hold otherwise, would, in effect, substitute our statute of descent and distribution for the Texas statute on that subject.

In the case of Hughes v. Hughes, 264 S. W. 579, 580, a case decided by the Court of Civil Appeals in Texas, it was held: "Appellee's personal liability, if any, for the damages or any part of them is fixed by article 3235, Vernon's Ann. Civ. St. 1914 [Vernon's Ann. Civ. St. art. 3314], which, omitting the parts not applicable to the facts here pleaded, reads:

" 'Whenever a person dies intestate, all his estate shall vest immediately in his heirs at law, but with the exceptions aforesaid shall still be liable and subject in their hands, to the payment of the debts of the intestate.'

"This article of our statute has been construed many times by the Supreme Court, and it is now well established that heirs, devisees, or legatees, who receive property belonging to an estate against which an unpaid claim exists, do not thereby become personally liable to the claimant for the value of the property so received; the remedy being to enforce the statutory lien against the property in their hands. If the heirs, devisees, or legatees have disposed of the property, or so changed its form as to render it impossible of identification, a personal judgment or recovery may be had of them for its value. Blinn v. W. J. McDonald, 92 Tex. 604, 46 S. W. 787, 48 S. W. 571, 50 S. W. 931; Smith v. Patton (Tex. Com. App.) 241 S. W. [109], 117; Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002. * * *

"Appellants insist in this connection that appellee having received $50,000 worth of real estate in the state of Kentucky, over which the Texas courts have no jurisdiction, that in equity he should be considered as if he had received the property and disposed of it; for which a personal judgment should be authorized. This position is untenable. The Texas statute supra does not and could not subject real estate in another state to the statutory lien for existing debts of a decedent in this state. The statute does not provide that the heirs, etc., become personally liable for the debts of their decedent, a resident of Texas, for the value of property they may inherit from him in another state. The application of the property inherited by appellee in Kentucky to the payment of this claim is controlled by the laws of that state, and not by the laws of Texas."

It will be noted that this Texas case sustains our view that appellant's case is controlled by the laws of the state of Texas.

In the case of Blinn v. W. J. McDonald, supra, the Texas Supreme Court declared in substance that heirs, devisees, and legatees, who receive property belonging to an estate against which unpaid claims exist, do not become personally liable to the creditors or claimants, but that creditors' and claimants' remedy is to enforce their lien against the property in the hands of the beneficiaries. That if the property has been disposed of by the beneficiary, or its form so changed that it cannot be identified, then a personal judgment for its value can be had against the legatee by a claimant against the estate.

The Blinn Case, supra, was referred to, and the rule there declared was again recognized and enforced in the case of Smith v. Patton et al. (Tex. Com. App.) 241 S. W. 109.

While the bill in this case shows that three of the defendants have disposed of some of the property received by them from J. V. Leatherwood, deceased, it also shows that the three grandchildren of said decedent, viz., J. D. Leatherwood, Calvin B. Leatherwood, and W. Happell Leatherwood, children of M. G. Leatherwood, deceased, have not disposed of any of the property received by them, and it also appears that the real estate still held by the three last-named defendants is of the value of approximately $10,000; that each of the other named defendants still have and own a considerable portion of the property received by them from said decedent, and the lands still owned by each of said parties are worth several times the amount of complainant's demand.

Under the averments of the bill, the complainant has not only mistaken his remedy, but is in a court without jurisdiction to grant him the relief to which he is entitled. His proper forum is a Texas court, and his proper relief is the enforcement of his statutory lien against the properties now in the hands of the defendants.

The courts of Alabama are without jurisdiction to grant the only relief the complainant is entitled to, and the court properly sustained the defendants' demurrers seeking a personal judgment against the defendants.

Likewise the bill as amended shows no right in the complainant to the restraining order prayed for in the bill. It is not even hinted in the bill that the respondents contemplate disposing of the property acquired by them from the said J. V. Leatherwood, deceased; and while the defendants have filed a general appearance in the cause, they are actually nonresidents of the state, and this court, if it should make the order prayed for, would have no way to enforce the same. No self-respecting court will ever make an order that it knows at the time it has no power to enforce. Such is the situation in the instant case.

It follows that the decree appealed from is due to be affirmed, and it is accordingly so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.