185 So. 756

### MURWIN v. BIRMINGHAM TRUST & SAVINGS CO.

6 Div. 363.

Supreme Court of Alabama.

Jan. 12, 1939.

J. L. Drennen and R. C. Garrison, both of Birmingham, for appellant.

Smyer, Smyer & Bainbridge, of Birmingham, for appellee.

BROWN, Justice.

This bill is filed by the appellant, Mrs. Ada May Murwin, against the appellee, Birmingham Trust & Savings Company, as trustee, under the will of William Davies, deceased, and William Wilfred Davies, one of the cestui que trust, to enforce a "testamentary contract" executed by the testator in "fulfilment" of an executed contract as alleged in the bill. Said contract was delivered to complainant, by said Davies, deceased, to be performed by the successors to his estate.

In short: The bill alleges that, said William Davies died in Jefferson County, leaving an estate of value upward of Fifty Thousand Dollars, consisting of cash, stocks, bonds, mortgages, notes and other choses in action, and real property including his home referred to in the contract as "1743 Oxmoor Road," in Jefferson County.

By his last will and testament executed in 1931, which has been duly probated, he named the respondent Bank as the executor of his will, to whom letters testamentary were issued by the Probate Court of Jefferson County, in which court the estate has been duly administered to a final settlement and the executor discharged.

The will directed the executor to set apart to the use of a sister of the testator in trust, the sum of $2500, which was done by the executor in the course of the administration of the estate.

The home on Oxmoor Road, with its furnishings and entire contents, together with certain articles of personal property, was devised to the only son, William Wilfred Davies.

The residue of the estate was devised to the respondent Bank in trust, to the use of said son, William Wilfred Davies, he to receive the income therefrom monthly, with provisions that said son, on certain conditions may withdraw any part or all of the trust property from the trust, and become the absolute owner thereof.

The alleged contract attached to and made a part of the bill is in hæc verba as follows:

"Homewood, Ala., 7–11–33

"After my death I request Mrs. Ada May Murwin and husband remain in my home 1743 Oxmoor Rd. free of expense— if this home is taken *possession* of by anyone and she leaves, she *shall be paid* by my executors the sum of five thousand dollars ($5,000.00) with which to buy a home and whatever she wishes. This is to fullfill contract made by Mrs. Ada May Murwin and me.

"William Davies
"Homewood—7–11–33
"Witnessed by—S. M. Cox."

The bill alleges in substance that, said writing was executed confirmatory of, and pursuant to an agreement made by and between the said William Davies and complainant, under the terms of which, for a long time before his death, complainant had been rendering services to said William Davies, of the nature, kind and character of a daughter in his home, abiding therein

with her husband, and during which time said William Davies was old and afflicted with epilepsy. That Edith McCullough, the friend and companion of complainant, and a daughter of the testator, William Davies, and the wife of Ernest McCullough, had died while she and her husband were living in said home.

That under the terms of said contract between complainant and said William Davies, said services should be rendered and complainant and her husband should continue to occupy the said home, free of expense, after his death, with the provision, however, that if the possession of said home should be taken by anyone else and complainant should leave the same, she should, in that event, be paid the sum of Five Thousand ($5,000) Dollars, by his executor, with which to buy her a home and whatever else she might wish.

After the death of William Davies, complainant and her husband did continue to remain in said home, pursuant to said contract or agreement, until November 8, 1937, at which time she left said home at the request of said residuary legatee, William Wilfred Davies, delivering said possession thereof to said Ernest McCullough at or about the time of his marriage again. That this surrender of possession by her occurred November 8, 1937, which was more than three (3) years from the closing of the administration of the estate of said William Davies on the 18th day of July, 1934, in the Probate Court.

That a request had been made by complainant for the payment to her of said Five Thousand ($5,000) Dollars, out of said estate and said request had been denied.

▇ The general demurrer going to the equity of the bill was not well taken.

In a recent decision in the case of S. H. Hendrix v. Ida Craft Pique, Executrix, Ala.Sup., 185 So. 390, involving the validity and effect of a like contract, evidenced by a letter written to the contractee and plaintiff in the action, it was observed:

"The first point or ground of objection, and which counsel in argument think was controlling in the mind of the trial judge, was that the letter is testamentary in nature and not duly attested to be sufficient as such, and has not been probated as a part of the will of decedent. The argument loses sight of the fact that a contract binding as such may be testamentary in form, though not witnessed as required of wills, and is to be performed at or after the contractor's death. It is said in Bolman et al. v. Overall, Ex'r et al., 80 Ala. 451, 2 So. 624, 625, 60 Am.Rep. 107:

"'Cases are frequent in which instruments have been construed partly testamentary and partly contractual; and, when based on a valuable consideration, a paper in form a will may, especially when delivered to a party interested, or to another for him, constitute legally and in fact an irrevocable contract.' Citing Taylor v. Kelly, 31 Ala. 59, 68 Am.Dec. 150; Kinnebrew's Distributees v. Kinnebrew's Administrators, 35 Ala. 628.

"The consideration of the testamentary contract there in question was for 'past and future treatment.' And it was pointed out that services rendered in mere expectation of a legacy are not sufficient. 'There must be a contract, expressed or implied, stipulating for an agreed compensation by way of legacy or devise.' It is also said that such a contract creates an equitable right in the nature of a trust enforceable against the personal representative of decedent, as a covenant to stand seized to the use of the promisee. There she had agreed to and did will everything except some specific items to the promisee in consideration of services and gave her the will so executed. Later the testator undertook to and did make another revoking that one. Her last will was probated. The court was dealing with the effect of the first as a contract, notwithstanding the probation of the second which also undertook to revoke the first. As a will the first was of course revoked. As a contract it was not affected. The rights of the legatee under the first will which was made pursuant to a contract for a valuable consideration remained in full force. As a contract, it is immaterial whether it is in writing and attested or verbal, (except as affected by the statute of frauds), or its form, whether that of a will, formal contract, or an informal expression which shows an unqualified obligation. But it must be upon sufficient consideration.

"Under this principle, if one in such manner agrees to provide a legacy out of his estate, or a certain sum so payable at his death, his personal representative succeeds to the estate of decedent, encumbered with a burden in the nature of a trust to pay the same as contracted by the decedent. Such a right being contractual is not affected by a will nor its probate. It leaves de-

cedent while in life free to dispose of his property effective while he lives as he sees fit. But of what he leaves which descends or is subject to his will, he has bound himself for a valuable consideration, effective against his personal representative, that his promisee shall have a stipulated sum. He has thereby created a trust on his descendible property to that extent. These principles have been repeatedly reaffirmed. Manning v. Pippen, 86 Ala. 357, 5 So. 572, 11 Am.St.Rep. 46; Allen et al. v. Bromberg et al., 147 Ala. 317, 41 So. 771; Walker et al. v. Yarbrough et al., 200 Ala. 458, 76 So. 390; Taylor v. Cathey, 211 Ala. 589, 100 So. 834; Mayfield v. Cook et al., 201 Ala. 187, 77 So. 713; Poe v. Kemp, 206 Ala. 228, 89 So. 716; Richards v. Williams, 231 Ala. 450, 165 So. 820."

■ The contract, the foundation of the suit, is in writing and shows on its face that it was executed in fulfilment of an executed contract on the part of the promisee. It meets the requirements of the statute of frauds and is not subject to the objection that it is a nudum pactum. Rains v. Patton, 191 Ala. 349, 67 So. 600; Code 1923, § 8034, subd. 1.

■ But it is insisted that the claim upon which the bill is rested is barred by the statute of non-claim. Code 1923, § 5815, as amended by Gen. Acts 1931, p. 840.

Under the contract, read in the light of the allegations of the bill, the situation of the testator was that he was old, and afflicted—an epileptic—his daughter who had served him as housekeeper and nurse had died leaving him alone, the complainant the best friend and the companion of the daughter took her place, took the place of the daughter, and served and comforted him in his affliction and loneliness, being in the home of the testator with her husband until his death.

The testator bequeathed to the son the home and its contents, together with the entire residue of his estate, after providing a trust for the testator's sister, with the request that complainant and her husband be allowed to continue in the occupation of the home free of charge in fulfilment of the testator's obligation for services rendered, but if the son elected, he could evict her, but in that event she was to be paid $5000, out of the residuary estate which passed to the son under the will. Complainant was allowed to remain in the home until the administration of the estate was closed, and she was then evicted. Her right to receive the contract legacy of $5000 was contingent on the election of the son, and when he elected to take possession of the home, and required complainant to leave the home he quickened into existence her right to the legacy with which the residuary estate was charged as a trust, and this legacy was not subject to the statute of nonclaim. Murphree v. Starrett et al., 231 Ala. 123, 163 So. 647; Farris v. Stoutz, 78 Ala. 130; 24 C.J. 327, § 948.

So far as appears from the allegations of the bill the only parties interested or necessary are the respondents Bank as Trustee, and William Wilfred Davies, the residuary legatee.

Our judgment is that demurrer to the bill as amended was not well taken. The decree of the Circuit Court sustaining the same and dismissing the bill is reversed, and one here rendered overruling the demurrer. The cause is remanded for further proceeding not inconsistent with this opinion.

Reversed, rendered and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.