120 So.2d 702

**R. K. LEE**

v.

**Claude L. CRANE et al.**

**7 Div. 482.**

Supreme Court of Alabama.

April 21, 1960.

Rehearing Denied June 2, 1960.

Scott & Scott, Fort Payne, for appellant.

J. C. Kellett, Fort Payne, for appellees.

MERRILL, Justice.

This is an appeal from a final decree which granted complainant some relief, but denied the prayer for specific performance and the alternative prayer for the declaration of resulting trust on 20 acres of land.

The complainant-appellant, R. K. Lee, filed the original bill of complaint against Claude L. Crane, Nancy Crane, Robert E. Lee and wife, Willie Lee, and Tailor Goza on March 27, 1956.

R. K. Lee, Robert E. Lee and Nancy Crane are brothers and sister. Claude L. Crane is the former husband of Nancy Crane. Tailor Goza is not related to the other parties.

The bill, as finally amended, alleged that Claude L. Crane and Nancy Crane, while living together as husband and wife, in November, 1954, executed a mortgage to R. K. Lee on a 30 acre tract of land to secure an indebtedness of $650, balance due on the purchase price. The proof showed that the 30 acres adjoined other property of R. K. Lee, and that R. K. Lee had mortgaged 80 acres, including this 30, to the Federal Land Bank of New Orleans, thereby making the Crane mortgage a second mortgage.

This mortgage was payable in six installments, beginning November 1, 1955, and under the terms of the mortgage, if the first note was not paid when due, all the notes became due and payable.

It was alleged that R. K. Lee paid $500 to Claude L. Crane (after Crane and his wife Nancy were divorced) for Crane's interest in the 30 acres; that Crane agreed to convey his interest to his former wife Nancy, and that Nancy had agreed to convey the south 20 acres of the tract to complainant R. K. Lee; that Crane did make the deed to the 30 acres to Nancy, but that Nancy, instead of conveying the south 20 acres to R. K. Lee as agreed, deeded the entire 30 acre tract back to Claude L. Crane; that on November 5, 1955, Crane conveyed the property to Robert E. Lee, who, with his wife, executed a mortgage to Crane for $950. This was the third mortgage on the 30 acres.

This mortgage was transferred to Tailor Goza on December 10, 1955, and it was alleged that Goza, at the time of the transfer, had full knowledge of R. K. Lee's prior mortgage on the same land; that on November 27, 1957, Goza and wife transferred this third mortgage to R. K. Lee, thereby giving complainant two mortgages on the property, one for $650 and one for $950.

It was also alleged that R. K. Lee was put into possession of the south 20 acres by Nancy Crane when the $500 was paid to Claude L. Crane, and R. K. Lee made a crop on the place and remained in possession until he was sued in attachment by Nancy Crane.

It was also alleged that there were two errors in the mortgage Crane and wife executed to R. K. Lee.

The bill prayed for reformation to correct the errors in the mortgage, that both mortgages be foreclosed, that specific performance be required in that the respondents be ordered to convey the 20 acres to R. K. Lee or, in the alternative, that a resulting trust be declared because R. K. Lee furnished the money to buy out Claude L. Crane.

It was agreed by all parties that the errors in the Crane mortgage should be corrected.

The attachment suit, mentioned in an amendment to the bill, was a suit for $200 for rent by Nancy Crane against R. K. Lee, and after it was transferred to equity, it was agreed that it should be consolidated with the main suit.

Testimony was taken before the trial court and the decree provided that the errors in the mortgage should be corrected; that the register should hold a reference to ascertain the amount due on the Crane mortgage to R. K. Lee for $650, and if the amount due was paid within 30 days, the register was to issue a check payable to R. K. Lee and Federal Land Bank of New Orleans, and obtain a release of the 30 acres from the Land Bank mortgage. If the amount was not paid, the land would be sold under the mortgage.

The register was also directed to hold a reference to ascertain the indebtedness due on the Robert E. Lee mortgage to Crane for $950, now held by R. K. Lee, and if that amount be not paid within thirty days, the land would be sold under the mortgage.

It was also decreed that a reference be held to ascertain the amount of rent due Nancy Crane from R. K. Lee while he was in possession of the south 20 acres of the land involved.

The only assignments of error mentioned in appellant's brief are 2 and 3, which charge error in the court's refusal to decree specific performance of the contract of Nancy Crane to convey the 20 acres of land to appellant.

■ In our recent case of Owens v. Cunningham, 266 Ala. 203, 95 So.2d 74, 75, we said:

"Neither party to a contract is entitled to specific performance as a matter of right, but the granting or withholding of specific performance is within the sound judicial discretion of the court, controlled by fixed rules and principles, in view of the special features and incidents of each case. Cowin v. Salmon, 244 Ala. 285, 13 So.2d 190; Homan v. Stewart, 103 Ala. 644, 16 So. 35; Rice v. Sinclair Refining Co., 256 Ala. 565, 56 So.2d 647."

In Johnston v. Rothenberg, ante, p. 304, 118 So.2d 744, 747, we quoted from Carlisle v. Carlisle, 77 Ala. 339, as follows:

"The equitable remedy of specific performance of agreements for the sale of lands rests largely in judicial discretion, directed and regulated by defined rules. Well settled elements and incidents are requisite to granting relief; but whether relief. shall be granted depends upon an equitable consideration of the particular circumstances of each case. The contract must be just, fair, and .reasonable; must not have originated in mistake, or surprise, or violation of confidence, or breach of trust, or advantage of condition, nor been obtained by any unconscientious or unfair methods; must be reasonably certain in respect to the subject-matter, the terms, and stipulations; must be founded on a valuable consideration, and its performance not work hardship or injustice."

■ While the trial court did. not assign a reason for denying specific performance, it could have been based upon the inequitable conduct of appellant.

It was evident from the testimony that appellant was more interested in acquiring the land than being repaid money he had loaned or advanced. But he was willing and anxious for someone else to help pay for what he ultimately expected to own himself. By his own testimony, he refused to accept a payment on the mortgage from his sister Nancy and "put her out of the house." Nancy testified that on another occasion, she was trying to pay him and "he made for his gun, and his wife and her mother broke for the gun and grabbed it."

Claude Crane testified that he had tried to pay appellant before the first payment became due, but R. K. Lee "had snapped his gun three times before that at me," and he stayed in the road and did not go into the house, but appellant refused payment. He also testified that he tried to pay him the whole debt, and went to appellant's attorney's office and offered to pay in full but was told, "R. K. wants a lawsuit. He won't take it." The sheriff of DeKalb County testified that Crane requested him to go to R. K. Lee's home and see if Lee would accept the money. "I went in and asked Mr. Lee if he would accept the money and he said he wouldn't and that is about all I know about it."

We think the trial court did not abuse its judicial discretion in refusing specific performance. R. K. Lee was protected by the decree and would either get his money back with interest and attorney's fees or have an opportunity to buy the land when the mortgages are foreclosed if he is not paid.

The trial court appears to have fairly adjusted the equities among the parties in a rather confused and bitter family dispute.

Affirmed.

LAWSON, STAKELY and COLEMAN, JJ., concur.