313 So.2d 164

Earnest W. DENDY et al.

v.

ANCHOR CONSTRUCTION CO., INC., and Laverne S. Smith, a/k/a Laverne S. Graves.

SC 1003.

Supreme Court of Alabama.

May 8, 1975.

Rehearing Denied June 5, 1975.

Fred Blanton and James R. Moncus, Jr., Birmingham, for appellants.

Harold T. Ackerman and Harold D. Rice, Jr., Birmingham, for appellees.

SHORES, Justice.*

This appeal is from a final decree entered in an action for specific performance

---

* This case was originally assigned to another justice of this court, since retired. It has been reassigned to the writer, not a member of this court at the time of submission, who has carefully listened to the tape recordings of oral argument. Code of Alabama, Title 13, § 7; Alonzo v. State ex rel. Booth, 283 Ala. 607, 219 So.2d 858.

of a written contract between the Dendys and Anchor Construction Company for the sale of a lot, with a house to be built thereon in accordance with certain plans and specifications. The agreement was executed on March 3, 1972, and provided that the plaintiffs (hereinafter referred to as purchasers) agreed to purchase and the defendants (hereinafter referred to as builder) agreed to sell "Property described as Lot 2 Block 1, Oak Street, Pinson, Alabama—House to be built according to plans and specifications."

The purchase price was recited to be $32,250, "payable $1,000 earnest money, $5,700 cash on closing the sale, mortgage loan $25,550," and was conditioned upon the purchaser securing a conventional loan of $25,550 for 29 years. It further provided that the sale was to be closed and a deed delivered on or before 120 days after date of execution.

By way of answer, the builder asserted that there was never a mutual understanding and agreement between the parties relating to some of the material provisions of the contract.

To say the least, the contract is quite general as to some of its terms. For example, paneling was described only as "$7.-00 per sheet," carpeting was not described other than not to exceed a certain price, the type of tile to be used in bathrooms was open to conjecture. Lighting fixtures were not detailed, other than "$200 wholesale."

The evidence was without material conflict that items such as carpeting, light fixtures, paneling, etc. were to be agreed upon in the future. It was not disputed that the purchasers had not selected some of these items, others had not been within the price range spelled out in the agreement, etc.

The builder testified, and it was not contradicted, that the purchasers' loan commitment was cancelled at the end of 120 days, and that the builder renewed it at its own expense two more times, and finally got a commitment in its own name to finish the house. In May of 1973, the builder returned the earnest money to the purchasers with interest.

It is obvious from the face of the contract that the parties contemplated that a number of things would be agreed upon in the future. Under such circumstances, this court has consistently refused to reverse the trial court for denying specific performance. We said:

". . . to authorize the specific enforcement of an agreement to sell land all the terms of the agreement must have been agreed on, leaving nothing for negotiation. . . ." Alba v. Strong, 94 Ala. 163, 165, 10 So. 242 (1891);

and:

". . . if any of the terms be left in doubt or uncertainty, then a specific performance cannot and ought not to be decreed . . ." Aday v. Echols, 18 Ala. 353, 355 (1850).

See also: Rushton v. McKee & Co., 201 Ala. 49, 77 So. 343 (1917).

■ There is another well-established rule which prevents our reversing the trial court in this case. As stated in Owens v. Cunningham, 266 Ala. 203, 95 So.2d 74 (1957), and restated in Lee v. Crane, 270 Ala. 651, 653, 120 So.2d 702 (1960):

" 'Neither party to a contract is entitled to specific performance as a matter of right, but the granting or withholding of specific performance is within the sound judicial discretion of the court, controlled by fixed rules and principles, in view of the special features and incidents of each case. Cowin v. Salmon, 244 Ala. 285, 13 So.2d 190; Homan v. Stewart, 103 Ala. 644, 16 So. 35; Rice v. Sinclair Refining Co., 256 Ala. 565, 56 So.2d 647."

Or, as first stated in Carlisle v. Carlisle, 77 Ala. 339, 341 (1884):

"The equitable remedy of specific performance of agreements for the sale of

lands rests largely in judicial discretion, directed and regulated by defined rules. Well settled elements and incidents are requisite to granting relief; but whether relief shall be granted depends upon an equitable consideration of the particular circumstances of each case. . . ."

■ We find no abuse of discretion in this case. The record is replete with testimony from which the trial court could have concluded that there was never a clear understanding of what the contract provided. Any number of things were left for future determination, some of which had not been decided at the time of trial. There was evidence from which the trial court could have concluded that both parties to the agreement had abandoned it.

Appellants, in oral argument and in brief, criticize the trial court's decree, which is in part as follows:

". . . Respondents affirmatively allege that there was never a mutual understanding and agreement between the parties as relating to some of the material provisions of the contract, that Respondents acted in good faith, that a specific performance on their part would unjustly enrich Complainants and would place a disproportionately harsh burden upon Respondents and that the conduct of both parties evidences an abandonment of the contract.

"This Court finds that each of the affirmative defenses, above mentioned, have been effectually proved and that, therefore, the contract is void."

The purchasers' argument is focused on the finding that the contract was void. As indicated, there was evidence which would have supported a finding that the contract had been abandoned, and more than enough to support the court's determination that the plaintiffs were not entitled to specific performance. It might have been clearer had the decree used the word "unenforceable" in lieu of "void"; but, we think the meaning is clear that the trial court, under the evidence, found that the plaintiffs were not entitled to specific performance. This it was free to do.

· We find no error to reverse. The decree appealed from is, therefore, affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and JONES, JJ., concur.