This is an appeal by plaintiff from a judgment for defendants in plaintiff's suit to compel specific performance of an option contract to convey land. We affirm.
This case has been before this Court once before. On the first appeal, this Court reversed the trial court's judgment and remanded for further proceedings. The facts recited in this Court's opinion on the first appeal, Foy v. Foy, 447 So.2d 158,160-61 (Ala. 1984), are, for convenience, reported here:
 "The facts are, in the main, undisputed; R.E. Foy, Sr., and Ruth N. Foy owned a one-half undivided interest in a parcel of real estate (approximately 20 acres) situated in Houston County, Alabama. A corporation owned and controlled by R.E. Foy, Sr., owned the other one-half undivided interest in that real estate.
 "In June of 1969, R.E. Foy, Sr., and Ruth Foy executed a general warranty deed, purporting to convey the entire twenty-acre parcel to their children, R.E. Foy, Jr., and Jane Loring Foy. They did not, it seems, at that time realize they owned only a one-half undivided interest in the parcel.
 "In July of 1969, R.E. Foy, Jr., and Jane Loring Foy executed an option contract, giving their parents the right, during their lifetimes, to repurchase said real estate for the price recited in the deed as the purchase price for the property. The parties stipulate that no money changed hands during these transactions. However, R.E. Foy, Jr., contends there was a credit entered in his father's books for payment.
 "Later, in March of 1970, R.E. Foy Company conveyed its interest in the tract to the children. That deed contained the following recitation:
 "`Formerly a deed from R.E. Foy and wife Ruth N. Foy, to the within grantees conveyed this one-half undivided interest to the above tract of real estate, and this instrument conveys the one-half undivided interest of R.E. Foy Company in the entire tract of real estate formerly owned one-half by R.E. Foy Company and one-half by R.E. Foy, individually, to the present grantees in fee simple.'
 "Subsequent to these transactions, a lot from the tract was conveyed to third parties named Henry. When the Henrys defaulted on a mortgage on the property, R.E. Foy, Jr., bought their interest in the lot.
 "R.E. Foy, Sr., died in 1976. Prior to his death, Ruth Foy was unaware of the option contract executed by Jane Foy and R.E. Foy, Jr. When she found the document in her husband's files, she recorded it in the Probate Office of Houston County, and notified her children she intended to exercise her option to repurchase the property.
 "Jane Foy was willing to comply with her mother's request that she convey the *Page 441 
property to her mother. R.E. Foy, Jr. refused to submit to that request. He contends the option is invalid, and if valid, was revoked prior to acceptance.
 "Ruth Foy then instituted this action, seeking specific performance of the option by R.E. Foy, Jr. On motion of R.E. Foy, Jr., Jane Foy was added as an indispensable party defendant. Jane Foy has remained willing to convey the subject property to her mother throughout the course of this action."
Upon remand, the trial court granted a new trial. Thereafter, defendant R.E. Foy, Jr., moved to add a defense based upon the Statute of Frauds. The parties then submitted a "Stipulation for Submission of Cause for Final Decree," which included:
 "a transcript of the testimony and the exhibits introduced at the trial of said cause before Honorable Don P. Bennett on June 8, 1981, and a transcript of the deposition of Quay M. Fortner taken before John G. Whitfield, R.P.R., and notary public, State of Alabama at Large, at the offices of C.R. Lewis, Dothan, Alabama, on November 1, 1982, and Exhibit `1' thereto, and a transcript of the deposition of Jack F. Ussery taken before said John G. Whitfield at the same place and time."
This stipulation was amended by adding:
 "[I]n addition to the exhibits introduced by each of the parties at the oral hearing before Honorable Don P. Bennett, Judge, Twentieth Judicial Circuit of Alabama, on June 8, 1981, the letters dated October 10, 1978, November 2, 1978, December 7, 1978, and February 2, 1979, written in the name of Hardwick, Hause Segrest, Attorneys at Law, Dothan, Alabama, by Wm. G. Hause, a partner in said law firm, as attorney for plaintiff, Ruth N. Foy, addressed to Honorable H.D. McInish, Lee McInish, Attorneys at Law, P.O. Box 1665, Dothan, Alabama, 36302, as attorney for defendants R.E. Foy, Jr., and his wife Martha M. Foy, correct copies of which are attached hereto as Exhibits `9,' `10,' `11,' and `12,' respectively, for plaintiff, were dictated by said Wm. G. Hause, and were signed `Bill' by him; that each of said letters was received by said Honorable H.D. McInish through the United States mail in due course; and that said Huey D. McInish, of Lee 
McInish, Attorneys, Dothan, Alabama, dictated and signed a letter dated February 6, 1979, addressed to Mr. William G. Hause, Hardwick, Hause Segrest, Attorneys at Law, P.O. Box 1469, Dothan, Alabama 36302, as attorney for said R.E. Foy, Jr., in which he enclosed check number 362 dated Dec. 11, 1978, drawn on City National Bank of Dothan, by Mrs. R.E. Foy (Ruth N. Foy), payable to the order of R.E. Foy, Jr., Martha Foy, Dwight McInish in the sum of $9,318.75 for option to purchase, correct copies of said letter and check being attached hereto as additional exhibits `6' and `7' for defendant R.E. Foy, Jr., and that the original of said letter and of said check were duly received by said William G. Hause through the United States mail; that each of said copies of said letters shall be considered by the Court as having been properly introduced in evidence in this cause in lieu of the originals thereof and each shall be considered by the Court in rendering a final judgment herein.
 "It is further stipulated that the motion of defendant Robert E. Foy, Jr., for leave to amend his answer to add thereto a defense based upon the Statute of Frauds be granted."
In due course, the trial court entered a final judgment, in pertinent part as follows:
 "[T]he Court makes the following findings and conclusions:
". . .
 "(2) That the Court finds that the consideration, if any, for the execution of the option to purchase real estate in question in this case by the Defendants was the execution of the deed by their parents to them.
 "(3) That the option relied on by the Plaintiff contains no statement in writing expressing the consideration for the giving of the option itself; this most likely *Page 442 
being due to the fact that the purpose of the giving of the option was an attempt to avoid estate and gift tax liability.
 "(4) That the option relied on by the Plaintiff is contrary to the Statute of Frauds in that it contains no statement in writing expressing the consideration for the giving of the option itself.
 "(5) That the option may, however, constitute a revocable or gratuitous offer which must be accepted prior to its revocation or withdrawal in order to become a binding bilateral contract.
 "(6) That the option was accepted by the Plaintiff and notice given to the Defendants of an election to purchase, but such was not on the actual terms set forth in the option before the option was revoked or withdrawn as shown by the testimony, evidence, and exhibits presented and in particular by Defendants' exhibit `1' and the series of letters and exhibits stipulated to and submitted by the parties as Plaintiff's exhibits `9,' `10,' `11,' and `12' and Defendants' exhibits `6' and `7,' in that the Plaintiff did not actually `tender, or cause to be tendered, * * * the sum of $18,637.50,' or one-half of that amount to each Defendant, prior to the time of the revocation or withdrawal of the option which was communicated by Defendants' exhibit `1'.
 "(7) That the option being a revocable or gratuitous offer which was never accepted by the Plaintiff in accordance with the terms specified in the option prior to its revocation or withdrawal, specific performance by the Defendants cannot at this time be required.
"Wherefore, it is hereby
 "ORDERED, ADJUDGED AND DECREED BY THE COURT AS FOLLOWS:
 "A. That Plaintiff's cause of action is denied and Judgment is entered in favor of the Defendants and against the Plaintiff."
Plaintiff raises a number of issues which we will considerseriatim.
 I.
Whether the option agreement in question is void under the Statute of Frauds.
The applicable provision of the Statute of Frauds, found at Code of 1975, § 8-9-2, follows:
 "In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
". . .
 "(5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller;"
We agree with the trial court's finding that the option contract here, which falls within the Statute, seeGriese-Taylor Corp. v. First National Bank of Birmingham,572 F.2d 1039 (5th Cir. 1978), contained no statement in writing expressing the consideration for the option itself. The option recites:
 "KNOW ALL MEN BY THESE PRESENTS, That we, R.E. Foy, Jr. and Jane Loring Foy, do covenant and agree with R.E. Foy, Sr. and wife, Ruth N. Foy, of Dothan, Houston County, Alabama, that if the said R.E. Foy, Sr. or Ruth N. Foy will tender, or cause to be tendered, to us, the said R.E. Foy, Jr. and Jane Loring Foy, at any time during their lifetime the sum of $18,637.50, we will grant, bargain, sell and convey to the said R.E. Foy, Sr. or Ruth N. Foy, with full covenants of warranty, the following property, to-wit: . . ."
Clearly, this option contract contains no statement of any consideration for the option itself. The monetary figure expressed, $18,637.50, refers not to the option contract but to the consideration to be paid in the future for the deed of the land to be purchased. That transaction has nothing *Page 443 
to do with the unilateral option contract. For the distinction, see McGuire v. Andre, 259 Ala. 109, 65 So.2d 185 (1953). As stated generally in 77 Am.Jur.2d Vendor and Purchaser § 34 (1975) at 214:
 "The consideration for the option is a thing apart from the consideration for the sale of the land. There must be some consideration on which the finger may be placed and of which it may be said, `this was given by the proposed purchaser to the proposed vendor, as the price for the option, or privilege to purchase.' . . ."
See also Rains v. Patton, 191 Ala. 349, 67 So. 600 (1914) ("If the consideration be not expressed in the writing, the agreement does not bind"). The trial court's conclusion, therefore, was correct under the authorities.
 II.
Whether the option was supported by a valid consideration.
Plaintiff contends that the option agreement itself was supported by a valid consideration, and was timely exercised. In answer to the same argument in a case involving substantially the same facts, Rains v. Patton, 191 Ala. 349 at 350, 67 So. 600 at 600 (1914):
 "It will be observed that this agreement is upon its face a nudum pactum — a purely gratuitous promise on the part of the defendant, Patton, to buy a drug business at the end of two years if the plaintiff, Rains, then offered to sell it to him. Rains is utterly without obligation in the matter, and has, prima facie, neither given value to Patton nor suffered any detriment himself.
 "It is claimed by the plaintiff that there was in fact a consideration of value which moved to the defendant. It is, however, so far as the statute of frauds is concerned, wholly immaterial whether there was or was not a consideration in fact. If the consideration be not expressed in the writing, the agreement does not bind."
See also Jones v. Pettus, 252 Ala. 12, 39 So.2d 12 (1949). Under the Statute and the authorities, therefore, any supposed consideration supporting the option would not have made it an enforceable one.
 III.
Whether the option constituted an offer which was accepted by plaintiff before revocation.
This novel argument would have the Court declare that the option agreement, although clearly unenforceable under the Statute of Frauds, nevertheless possessed legal vitality as a continuing offer. We need not reach this questionable position, because it is equally clear that the evidence before the trial court authorized its finding of no acceptance under the terms of the option. The option contains the words "tender, or cause to be tendered . . . the sum of $18,637.50." Acceptance of an option contract "must be identical with the offer." Moss v.Cogle, 267 Ala. 208, 101 So.2d 314 (1958). No such compliance was made here; the evidence establishes quite the contrary, that the "offer," if it was an offer, was revoked before any purported compliance. Not only did the exchange of correspondence referred to in the stipulations demonstrate this, but the circumstances of other sales of some of the land also tend to establish a revocation.
It follows that the trial court was not in error for denying specific relief to plaintiff. See Dendy v. Anchor ConstructionCo., 294 Ala. 120, 313 So.2d 164 (1975).
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur. *Page 444