STEAGALL, Justice.
This case involves a cross-claim severed from the main action. Cross-defendant, Laketate, Inc., appeals from an order issued by the Circuit Court of Talladega, Alabama, in favor of the cross-claimants, John K. Cleghon and Betty F. Cleghon, for specific performance of an alleged real estate sales contract.
The Cleghons owned a lot and house adjacent to Lake Tate Subdivision, located in Talladega County, Alabama. Laketate, Inc., was a corporation made up of lot owners of Lake Tate Subdivision. To purchase a lot within Lake Tate Subdivision required approval by the shareholders of Laketate, Inc. In the early part of 1984, the Cleghons approached a real estate agent, Earl Atkinson, concerning the possible purchase-of a piece of property located between the Cleghons’ lot and the lake itself, such property being located within Lake Tate Subdivision and thus being controlled by Laketate, Inc. Atkinson approached the board of directors of Lake-tate, Inc. After the offer was discussed at a shareholders meeting held on April 7, 1984, the Cleghons received approval for the sale, whereupon a letter was written to the Cleghons, signed by Mark Ray, president of Laketate, Inc., informing them that the sale of the land had been approved by the board and authorizing them to conduct a survey. A survey was conducted and a deed drawn conveying the property from Laketate, Inc., to the Cleghons. The deed was subsequently signed by Ray, as president of Laketate, Inc. However, the deed was never delivered to the Cleghons, Lake-tate claiming that there was a discrepancy between the size of the lot as it was originally discussed and as it was described in the survey and on the deed. The proposed sale was brought up again at the regular fall meeting of the shareholders, and approval was revoked.
On May 14, 1985, Louis Glenn Morris, who had subsequently contracted to buy the lot owned by the Cleghons along with the disputed strip of land located in Lake Tate Subdivision, filed suit against Lake-tate, Inc., John and Betty Cleghon, and June L. Atkinson and Earl Atkinson, individually and doing business as Atkinson Real Estate, alleging breach of contract to convey real estate, fraud, and misrepresentation and seeking specific performance of an alleged contract and monetary damages. The Cleghons filed a cross-claim against Laketate, Inc., and a third-party complaint against Mark Ray, alleging breach of an agreement to sell real estate, fraud, and misrepresentation and seeking specific performance and monetary damages. The trial court entered a judgment in favor of the Cleghons on August 18, 1987, finding that a written contract did exist to convey the *563 real estate as described in the survey; that Laketate, Inc., had caused a deed to be prepared after receiving a copy of the survey; that a deed was executed by Laketate; that the Cleghons took possession of the subject property; and that the Cleghons had been and were able to make payment of the agreed upon consideration. The trial court then ordered that the deed from Laketate to the Cleghons be “executed.” Prom the denial of its motion for new trial or, in the alternative, to alter, amend, or vacate the judgment, Laketate, Inc., appeals.
On appeal, Laketate, Inc., argues, in essence, that the evidence does not support the findings of fact nor the judgment for specific performance.
“It is settled that the remedy of specific performance may be ordered where the contract is just, fair, and reasonable, and reasonably certain in respect to the subject matter and terms, and is founded on a valuable consideration. See Montgomery v. Peddy, 355 So.2d 698 (Ala.1978); Alabama Central Railroad Co. v. Long, 158 Ala. 301, 48 So. 363 (1909); Carlisle v. Carlisle, 77 Ala. 339 (1884). The decision to grant specific performance rests largely in the discretion of the trial judge, see Edwards v. Thornburgh, 396 So.2d 678 (Ala.1981); Wray v. Harris, 350 So.2d 409 (Ala.1977), appeal after remand, 370 So.2d 974 (Ala.1979), and whether relief shall be granted depends upon an equitable consideration of the particular circumstances of each case. See Dendy v. Anchor Construction Co., Inc., 294 Ala. 120, 313 So.2d 164 (1975); Carlisle v. Carlisle, supra.
“Furthermore, the decision of the trial judge will be overturned, on appeal, only if shown to be palpably erroneous. Edwards v. Thornburgh, supra; Wray v. Harris, supra. It should also be noted that the findings of a trial court hearing a case without a jury and on evidence presented ore tenus, as in the present case, will not be overturned on appeal unless they are unsupported by the evidence or are plainly and palpably erroneous. Smith v. McNaughton, 378 So.2d 703 (Ala.1979).”
Stringfellow Materials, Inc. v. Lee, 438 So.2d 1387, 1390 (Ala.1983).
After a thorough review of the record, we conclude that the judgment of the trial judge is not unsupported by the evidence or palpably erroneous. That judgment is, therefore, due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.