39 So.2d 12

### JONES v. PETTUS et al.

### 3 Div. 515.

Supreme Court of Alabama.

Feb. 24, 1949.

Walter J. Knabe, of Montgomery, for appellant.

Hill, Hill, Stoval & Carter, of Montgomery, for appellees.

BROWN, Justice.

The appeal in this case is from the final decree of the circuit court, in equity, dismissing complainant's bill after demurrer sustained to the bill as last amended and complainant's declination to plead further. The bill was filed by the appellant against appellees to enforce specific performance of an executory contract for the sale of land (a house and lot) in the city of Montgomery. The bill alleges:

"That on, to-wit, August 13, 1946, said W. D. Pettus offered to sell to your Complainant certain property, said property being known as 822 Jefferson Street, Montgomery, and being more particularly described as follows:

"Lot no. 60 on the South side of Jefferson Street, in that part of the City of Montgomery, formerly known as 'New Philadelphia.'

"That said offer was made on the letterhead of the said W. D. Pettus and read in words and figures as follows:

Aug. 13, 1946

" 'W. D. Pettus, M. D.
601 Cleveland Avenue,
Montgomery 5, Alabama.

Mrs. Jones,

The place is yours for $712.35 plus the lawyer's fee for transfering the property, to date. This amount, I prefer, cash. Of course, this does not clear the loan.

Yours truly,
Dr. & Mrs. Pettus.'

"That your Complainant subsequently accepted said offer during the time when said offer was open and offered to pay $712.35, assume the mortgage outstanding, which was the amount agreed upon, and offered to pay any expenses such as taxes and attorney's fees, and offered to repay any payments made on the loan mentioned in said offer, which payments had been made since the time the said offer was made; but Respondents refused and continue to refuse to carry out said contract. Complainant alleges that the said W. D. Pettus was the agent of the said Alve Pettus for the sale of said property. * * *"

The defendant demurred taking the point among others that it affirmatively appears from the averments of said bill that the alleged contract, the specific performance of which is prayed in the bill, is void for indefiniteness in that the lands are not accurately described in said alleged contract. That it affirmatively appears that said alleged contract, the specific performance of which is sought in the bill, is in violation of the statute of frauds.

The contention of appellant is that the description of the land can be made certain by showing the situation and surroundings of the parties at the time of the negotiations. By amendment to the bill it was averred that at the time of the alleged transaction the complainant's husband, who had a life estate in the property, was in possession thereof and that subsequent to his death the complainant accepted the offer as outlined in the letter of the M. D. of date of August 13, 1946.

The contention, on the other hand, is that this executory contract which is indefinite in the description of the property cannot be aided by parol testimony going to show its certainty. The statute of frauds creates a rule of evidence in respect to the proof of executory contracts for the sale of land and the following test has been laid down by this court in respect to the proof of such contracts.

In the case of Alba v. Strong, 94 Ala. 163, 10 So. 242, it was observed by this court, speaking through Chief Justice Stone, that:

"The following propositions must be regarded as settled by the former decisions of this court beyond controversy: First. That to authorize the specific enforcement of an agreement to sell land all the terms of the agreement must have been agreed on, leaving nothing for negotiation. Second. That all the terms of the agreement, viz., the names of the parties, the subject-matter of the contract, the consideration and the promise, must be in writing, signed by the party sought to be charged, or by his agent thereunto authorized in writing. Code 1886, § 1732. Third. That it is not essential that the paper evidence of the agreement be in any particular form, provided it contain the substance, as stated above. Fourth. That the written evidence of the terms of the agreement need not all be expressed in one paper. If expressed in two or more papers it will be sufficient, if collectively they contain enough, and refer to each other, and show the connection with sufficient clearness, without the aid of oral testimony. If, however, oral testimony is required to connect the papers, or to supply any essential term of the contract, then there is a failure to make a case for specific performance. Waterman, Spec.Perf. § 231; Fry, Spec.Perf. § 72; Carter v. Shorter, 57 Ala. 253; Phillips v. Adams, 70 Ala. 373; Horton v. Wollner, 71 Ala. 452; Norman v. Molett, 8 Ala. 546. * * *

"In the case in hand the writing neither expresses the quantity of the land, nor any description by which it can be determined what land was intended to be bought or sold. This, according to the averments of

the bill, rests entirely in parol. The chancellor did not err in sustaining the demurrer to the bill."

The doctrine stated in the case of Alba v. Strong, supra, was approved and followed in Ezzell v. S. G. Holland Stave Co., 210 Ala. 694, 696, 99 So. 78, 79, wherein it was observed with respect to the specific performance of executory contracts for the sale of land: "There is, therefore, no foundation for the application of the maxim, 'Id certum est quod certum reddi potest,' * * *."

A different rule is applied to contracts for the sale of land which are in whole or in part executed or performed by one of the parties. Meyer v. Mitchell, 75 Ala. 475. In the last cited case it was observed:

" * * * the complainant, Mitchell, was placed in possession of it, having done what was legally tantamount to the full payment of the purchase-money. * * *"

In justifying the admission of parol evidence going to show such acts, the court observed:

"The evidence shows, in the case at bar, that the complainant was placed in possession of sixty acres of land, under the written agreement to convey, a description of which is in accord with the more general one given in the writing itself. This was, in our opinion, an act of the contracting parties conclusive of the identification of the subject-matter of sale. When aided by parol proof of this fact, the contract of conveyance was relieved of all ambiguity or uncertainty in this particular. The views of the chancellor as to this phase of the case are free from error."

Under the doctrine of the cases cited, the writing relied upon by the complainant cannot be aided by parol testimony and the circuit court did not err in sustaining the demurrer and dismissing the bill.

Affirmed.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.