56 So.2d 347

## LANKFORD v. ADKINS.
### 5 Div. 516.

Supreme Court of Alabama.

Jan. 17, 1952.

Chas. E. Fuller, Jr., LaFayette, for appellant.

Chas. S. Moon, LaFayette, for, appellee..

BROWN, Justice.

The appeal is from the final decree sustaining the defendant's demurrer to the bill and dismissing the same, on the authority of Alba v. Strong, 94 Ala. 163, 10 So. 242.

The bill seeks specific performance of an alleged executory contract to convey lands. The bill alleges: "That by letter dated February 12, 1950, respondent wrote your complainant the following letter, to-wit: 'Mr. F. G. Lankford, LaFayette, Alabama. Dear Mr. Lankford: Although I've been holding for $15.00 per acre for several years, I've finally decided that I will take $2,000. for the farm, of one hundred and sixty acres. If you want it at that price. That is only $12.50 per acre and about 3 years ago I refused to sell for that. I think that is a very reasonable price. Sorry I've been so long in making a decision. Sincerely yours, Lena T. Adkins (Mrs. H. A. Adkins).'

"That on February 17, 1950, your complainant by Western Union wired the respondent at 271 North Drive, Buffalo, N. Y. as follows: 'Accept your offer to sell. Deeds being mailed you under separate cover agreed price of $2000. (signed) F. G. Lankford,' * * *."

The demurrer takes the point that said bill is without equity, that the bill fails to allege tender of the purchase price.

The land is not described in the letter of February 12th, 1950, nor are the terms of the sale alleged, whether the sale is for cash

or on credit,—omissions necessitating resort to parol testimony. .

██ In the light of the uniform rule established by our decisions, the demurrer was well taken, and nothing appearing on the face of the bill which suggests it could be amended so as to give it equity, it was properly dismissed. Jones v. Pettus, 252 Ala. 12, 39 So.2d 12; Nolan v. Moore, 254 Ala. 74, 78, 46 So.2d 825.

In such case there is no foundation for the application of the maxium *"Id certum est quod certum reddi potest"*. Ezzell v. S. G. Holland Stave Co., 210 Ala. 694, 696, 99 So. 78, 79; Jones v. Pettus, supra.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.