FAULKNER, Justice.
These are appeals from a summary judgment in the Circuit Court of Etowah County for defendant, South Hawk, Inc. We affirm.
These cases arise out of a controversy over a zoning ordinance as applied to a small triangular strip of land situated between Rainbow Drive (U.S. 411) and Lumb-ley Road in Rainbow City. The property is zoned R-l Residential, and is less than the minimum residential lot size. South Hawk, Inc., the owner of the property, contends that the strip is suitable only for commercial use. South Hawk’s original application for a zoning variance for commercial purposes was ultimately denied in a jury trial. After subsequent applications (unaccompanied by requests for variances) to construct for either commercial or residential purposes were denied, South Hawk began construction of a commercial structure on the property.
On October 19,1979, the City of Rainbow City filed a petition to enjoin the construction of the commercial building. South Hawk answered and counterclaimed, seeking an injunction to keep the City from enforcing its zoning ordinance as to the property in question. Surrounding property owners filed a petition to intervene. South Hawk then filed a motion for summary judgment supported by affidavits. The judge granted the motion, holding that “a literal enforcement of the zoning laws of Rainbow City constitutes an effective taking or confiscation of private property in violation of the constitutional rights of the property owner.” Thereafter, the judge granted intervention, giving intervenors all post judgment remedies. Post trial motions were denied and appellants, Rainbow City and intervenors, appeal.
The sole issue to be determined is whether summary judgment was properly granted.
Rule 56(e), ARCP, provides in part:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
This rule has been the subject of much discussion in our eases. In Worley v. Worley, 388 So.2d 502 (Ala.1980), we recently described the procedure for summary judgment as follows:
[T]he initial burden of proving the nonexistence of any genuine issue of material fact rests upon the moving party. If the movant successfully bears this burden and shows, by the material on file, that there is lacking any genuine issue of material fact, it then becomes the responsibility of the party opposing the motion to produce evidence to the contrary. If the opposing party fails to do so, the court is *12 left with no other recourse but to conclude that no genuine issue of material fact exists .... This is one reason we have held that it is perilous for a nonmov-ing party to neglect to file evidentiary materials or affidavits in opposition to a motion for summary judgment, (citations omitted)
South Hawk’s motion for summary judgment was supported by affidavits including the following factual allegations. The lot is wedged between two public highways, one of which is heavily traveled. It is located approximately one mile south of the downtown intersection of Rainbow Drive and Highway 77. No residences have been constructed between this intersection and the property since before the zoning ordinance was adopted in 1973. Ninety-eight percent of the property owners in this area have petitioned the city to rezone the area to general business. City Council minutes reflect that at one meeting a motion to rezone passed 5 to 1; however, subsequent minutes show that when the city engineer presented plans for rezoning, the motion to accept failed for lack of a second. The unplatted strip is: (1) 25% short of the minimum lot requirement; (2) . not suitable or adaptable for residential property; and (3) under contract of sale to Zippy Mart for $28,500.00, which is substantially more than residential market value.
Rainbow City’s only evidence was the affidavit of the City Clerk consisting of statements to the effect that a variance procedure existed under present statutes, that South Hawk was aware of the procedure, and that in the clerk’s opinion a variance for residential purposes would have been granted had it been requested.
Clearly, the City's affidavit fails to contradict the evidence as proffered by South Hawk. Under these circumstances we have “no alternative but to consider [the] evidence uncontroverted.” Donald v. City National Bank of Dothan, 295 Ala. 320, 329 So.2d 92 (1976). Summary judgment was properly granted.
Other issues raised by the parties need not be addressed for purposes of this appeal. We find that the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
MADDOX and BEATTY, JJ., dissent.