Marseille and Elaine Houston appeal from a summary judgment granted in favor of John T. and Christine McClure and against them for specific performance of a contract to convey real property. We reverse.
Briefly, the facts are as follows: In July 1981, the McClures entered into several discussions with the Houstons concerning a waterfront lot located on Dauphin Island in Mobile County, Alabama. The lot is more specifically described as Lot 12, Block 1, Aloe Bay Addition. On July 9, the Houstons and the McClures agreed on the terms of the sale of the lot. The McClures were to pay the Houstons the sum of $10,000.00 at the time of the sale and an additional and final payment of $10,000.00 on December 15, 1981.
On July 10, the McClures delivered a cashier's check to the Houstons for the initial payment of $10,000.00. The Houstons accepted the check and executed a written document acknowledging the receipt of the check as a deposit from the McClures on the sale of the property. The text of this document appears in the record as follows:
"July 10, 1981
 "Received from John T. and Christine McClure ten thousand dollars deposit on Lot 12 Block 1 Aloe Bay Addition balance due on December 15, 1981, Oil right not been sold."
During the next three days, July 11 through 13, 1981, the McClures went on the property, cut the grass, cleaned the grounds, and added onto an existing pier. The work on the pier consisted of the following: The McClures hired a Mr. Evans to drive two pilings and Mr. McClure added two stringers and some deck boards. The McClures paid Mr. Evans a total of $204.00 for one of the pilings and for his services. The other piling was already on the property. The McClures also placed two diesel fuel tanks on the property.
On July 14, 1981, Mr. Houston told Mr. McClure that he had changed his mind about selling the lot. Mr. Houston tried to return the cashier's check to the McClures, along with a check for the improvements, but the McClures refused to accept both *Page 1116 
checks. The Houstons then ordered the McClures to remove the fuel tanks and posted "no trespassing" signs on the property.
The McClures on August 3, 1981, filed a complaint seeking specific performance of the contract. The Houstons filed a motion to dismiss the complaint, but the motion was denied. The Houstons' filed their answer on January 26, 1982.
On January 27, 1982, the McClures filed a motion for summary judgment based upon the pleadings, the affidavits of John T. McClure and Christine McClure, and the deposition of Marseille Houston. The Houstons filed a motion in opposition to the McClures' motion for summary judgment. The Houstons' motion in opposition was based upon the pleadings, the affidavits of Marseille and Elaine Houston, and the deposition of John T. McClure.
On March 9, 1982, the trial court granted the McClures' motion for summary judgment and ordered the Houstons to convey the property to the McClures. The Houstons filed a motion to reconsider and set aside the order, but the motion was denied. On April 6, notice of appeal was filed. The trial court's order of March 26 was received in the register's office on May 3 and the judgment was entered and filed on that date. The Houstons refiled their notice of appeal on May 10, 1982.
The determinative issue raised on appeal is whether the circuit court exercised proper judgment in granting the McClures' motion for summary judgment. The summary judgment standard established in Rule 56 of the Alabama Rules of Civil Procedure has two parts: the trial court must determine (1) that there is no genuine issue of a material fact and (2) that the moving party is entitled to a judgment as a matter of law.Worley v. Worley, 388 So.2d 502, 505 (Ala. 1980). This standard is conjunctive. McGuire v. Wilson, 372 So.2d 1297 (Ala. 1979).
The burden of proving the non-existence of any genuine issue of material fact rests upon the moving party. City of RainbowCity v. South Hawk, Inc., 394 So.2d 10 (Ala. 1981). In determining whether the moving party has met his burden of establishing the absence of any genuine issue of material fact, the trial court must view the evidentiary material offered in support of the motion in the light most favorable to the opposing party. Fulton v. Advertiser Co., 388 So.2d 533 (Ala. 1980).
The validity and enforceability of a contract for the sale of land is governed by § 8-9-2, Code 1975, the Statute of Frauds, which states in pertinent part:
 "In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing.
". . .
 "Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller. . . ."
Turning to the facts of the instant case, there are two documents in the record before this Court. The cashier's check does not comply with the Statute of Frauds, for it does not bear the signatures of Mr. and Mrs. Houston, the parties to be charged. Moss v. Cogle, 267 Ala. 208, 101 So.2d 314 (1958). The second document, the receipt, is also insufficient in that it does not express the consideration. Rains v. Patton, 191 Ala. 349,67 So. 600 (1914). Even though the second document acknowledges the receipt of $10,000 and further provides for the payment of the "balance" on December 15, 1981, the document's failure to express the entire consideration renders it defective with regard to the requirements of § 8-9-2, Code 1975. This omission of the consideration cannot be supplied by parol evidence. Jones v. Pettus, 252 Ala. 12, 39 So.2d 12
(1949). *Page 1117 
Turning to the evidence concerning the part performance exception of § 8-9-2, Code 1975, this Court finds that the McClures' acts of possession are not so clear and definite as to entitle them to a judgment as a matter of law. As this Court stated in Hagood v. Spinks, 219 Ala. 503, 122 So. 815, 816
(1929):
 "To take a case out of the statute of frauds . . . upon the ground of part performance, the acts of possession must be clear and definite, and referable exclusively to the contract, and by authority of the vendor. The existence of the contract and its terms should be established by competent proof to be clear, definite, and unequivocal in all its terms. If its terms, or the necessary acts of part performance, are not sustained by satisfactory proof, specific performance will not be decreed."
Mere possession of the land without proof that the seller consented to the possession is not sufficient. Danforth v.Laney, 28 Ala. 274 (1856).
The McClures submit that they meet the requirements of this exception. The record reveals that the McClures gave the Houstons a cashier's check for $10,000, for partial payment of the lot, on July 10, 1981. The McClures further argue that they were put in possession of the property at that time and there is testimony that the McClures cut the grass, cleaned the grounds, and added on to an existing pier between July 11 and July 13.
There is evidence, however, that the Houstons have allowed the McClures to use their lot free of charge during the Alabama Deep Sea Fishing Rodeo that is held each summer. During this time, the McClures were permitted to tie their boat at the Houstons' pier, cut the grass, clean the area, and hold fish fries on the property. The record reveals that the Houstons gave the McClures permission to go on the lot in July 1981, to cut grass and clear up in preparation for the Deep Sea Fishing Rodeo. There is testimony that the Houstons did not give the McClures exclusive and permanent possession of the property. Thus, there is conflicting evidence as to whether the McClures' acts of possession are referable exclusively to the contract.
In ruling on a motion for summary judgment the trial court cannot try issues of fact. Shades Ridge Holding Company, Inc.v. Cobbs, Allen Hall Mortgage Company, Inc., 390 So.2d 601
(Ala. 1980). A summary judgment is properly granted only if the pleadings, affidavits and other materials on file show that there is no genuine issue of material fact. Oliver v. Taylor,394 So.2d 945 (Ala. 1981).
This Court is of the opinion that there was an unresolved factual issue before the trial court as to whether the McClures' alleged acts of possession were referable exclusively to the contract. Therefore, the trial court erred in granting the McClures' motion for summary judgment.
REVERSED AND REMANDED.
ALMON, EMBRY and ADAMS, JJ., concur.
TORBERT, C.J., concurs in the result.