PER CURIAM.
A summary judgment was entered against the appellant-Broadleaf, Inc., and in favor of the appellee-insurance agent, Pierce. Broadleaf appeals and we revérse and remand.
The dispositive issue is whether there is a genuine issue of a material fact so as to prohibit the entry of a summary judgment.
The record pertinently reveals the following:
A workmen’s compensation claim was filed against Broadleaf, Inc., for an injury occurring on February 3, 1982. Broadleaf filed a general denial and a third-party complaint against its insurance carrier, U.S.F. & G. and U.S;F. & G.’s agent, the appellee-Pierce.
In its third-party complaint, Broadleaf alleged that neither third-party defendant informed Broadleaf of the policy’s cancellation, and that Pierce misrepresented to Broadleaf that the renewal premium was due January 30, 1982, when in fact it was due December 30, 1981. Additionally, *309 Broadleaf alleged that on January 28, 1982, it (Broadleaf) remitted a check to Pierce for what it believed to be the workmen’s compensation policy premium and that Pierce’s misrepresentations led it to believe that it was adequately protected by a U.S.F. & G. workmen’s compensation insurance policy.
The third-party complaint against U.S.F. & G. was tried without a jury and a judgment was entered in favor of U.S.F. & G. No appeal was taken from this judgment.
Thereafter, upon the pleadings, affidavits, counter-affidavits, and previously transcripted testimony, the trial court entered a summary judgment in favor of ap-pellee-Pierce. Hence, this appeal.
It appears appropriate at this point to quote from Silk v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 437 So.2d 112, 113 (Ala.1983), authored by Mr. Justice Maddox:
“The usual rules governing our review of summary judgment apply here. The standard for summary judgment as set forth in Rule 56, Ala.R.Civ.P., has two basic parts: the trial court must determine (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to judgment as a matter of law. Houston v. McClure, 425 So.2d 1114, 1116 (Ala.1983). Furthermore, this standard is conjunctive. Houston v. McClure, supra; McGuire v. Wilson, 372 So.2d 1297 (Ala.1979). The burden is upon the moving party to clearly show that there is no genuine issue of a material fact, and all reasonable doubts concerning that genuine issue of material fact must be resolved against the moving party. Fountain v. Phillips, 404 So.2d 614, 618 (Ala.1981); Butler v. Michigan Mut. Ins. Co., 402 So.2d 949, 951 (Ala.1981). The burden is further increased by the scintilla evidence rule, which requires that summary judgment not be granted if there is a scintilla of evidence supporting the position of the non-mov-ant. Fountain v. Phillips, supra; Browning v. Birmingham News, 348 So.2d 455 (Ala.1978).”
With the above principles of law in mind, to this court, there does exist a genuine issue of a material fact, etc.
As indicated, Broadleaf contends there is a genuine issue of a material fact that prohibits the entry of summary judgment.
Pierce, the insurance agent, to the contrary, states there are four areas in which “undisputed” facts mandate affirmance of the judgment below.
After having carefully read the record and having considered arguments, this court is of the opinion that material factual issues do in fact exist and that the judgment by the learned and distinguished trial judge granting summary judgment must be reversed.
Pierce’s first contention in favor of affirmance is that regardless of any alleged misrepresentations by Pierce, the finder of fact could not find that Broad-leaf’s January 28,1982, check was intended as payment for the U.S.F. & G. premium. Pierce’s proof on this issue is as follows: Sometime in December 1981 or January 1982, Pierce’s secretary, Carrie Spivey, prepared a memorandum for Broadleaf, setting out the amounts owed by Broadleaf on four policies of insurance. The memorandum showed an aggregate of $2,853 due on three policies issued by Baldwin Mutual Insurance Company; the fourth policy listed was the U.S.F. & G. policy, with a yearly premium of $4,843 or a $1,210.75 quarterly premium. Subsequently (on January 28, 1982), Broadleaf issued a check payable to Baldwin Mutual for exactly $2,853. Pierce contends that under these facts as a matter of law a finder of fact could not find that Broadleaf intended to pay the premium on the U.S.F. & G. policy.
However, Broadleaf’s version of the relevant facts differs sharply from Pierce’s. Broadleaf admits having received the memorandum prepared by Carrie Spivey; however, Broadleaf, through the affidavit of Renee York (a Broadleaf employee), contends that it did not consult the memorandum when it issued the January 28, 1982, check in her affidavit. Ms. York testified *310 that she received the memorandum in December. Then, in late January, she testified, she actually went to Pierce’s office and told him she wanted to pay all premiums then due. Ms. York said Pierce told her the amount due and to make the check payable to Baldwin Mutual. In light of the factual issues created by Ms. York’s affidavit, appellee’s argument cannot be relied upon to sustain the summary judgment entered below. See, e.g., First National Bank of Birmingham v. Culberson, 342 So.2d 347 (Ala.1977).
Pierce’s second argument in support of affirmance is factually related to the first and is based upon the reliance element of a misrepresentation cause of action. See Earnest v. Prichett-Moore, 401 So.2d 752 (Ala.1981). Pierce’s argument is that “[t]he obvious fallacy with [Broadleaf’s contention that Carrie Spivey’s memorandum caused it to not pay the premium prior to December 30, 1981] is that [Broadleaf] did not pay that premium by the date shown on the memo either.”
The third-party plaintiff’s answer to this argument is the same as its answer to the first: although Broadleaf now admits that the required premium was never remitted to U.S.F. & G., it contends that Pierce’s January 28, 1982, representations to Renee York as to the amount of the check and the name of the payee led Broadleaf to believe it was paying U.S.F. & G.
A third contention by Pierce, also based on the reliance element, is that Broadleaf could not reasonably rely on the incorrect date in the memorandum because it already had knowledge, from other sources, that the policy would expire December 31, 1981. Pierce contends Broadleaf gained this knowledge from the declaration sheet attached to the policy, a premium renewal notice U.S.F. & G. sent Broadleaf on October 6, 1981, and a conversation Renee York had with Carrie Spivey on December 29. Pierce contends that in that conversation Ms. Spivey specifically told Ms. York that the compensation policy premium was due December 30.
This ground cannot be relied on to support the judgment below because Broad-leaf’s evidence conflicts as to notice Broad-leaf received. Not only did Ms. York give a different account of the conversation with Ms. Spivy — she testified in her affidavit that she told Ms. Spivey to merely write down the policies due and that Jack Johnston would come by the office to pick up the list — but also both Johnston and Ms. York denied ever having received any premium renewal notices whatsoever.
A fourth reason appellee gives for affirmance is Broadleaf’s failure to properly plead its fraud cause of action. See A.R.Civ.P. 8(a), 9(b). Here, Pierce argues that Broadleaf failed to allege a specific false representation made by Pierce. Without examining Broadleaf’s complaint to, test the validity of Broadleaf’s argument, this court notes that a party who fails to timely raise the issue of failure to plead with particularity normally waives that requirement. See 2A Moore’s Federal Practice ¶ 9.03 (2d ed. 1982). By failing to raise this pleading defect until after his own summary judgment motion, Pierce has allowed Broadleaf the opportunity to supplement its fraud pleadings with affidavits arid other evidentiary materials which cure the pleading defect by supplying evidence of several false representations. Accordingly, this pleading defect cannot be relied upon to support affirmance.
Summarizing, the affidavit of York and the reasonable inferences therefrom, when viewed in the light most favorable to the nonmoving party, indicate that Broadleaf contacted its insurance agent and asked what it owed on all of its insurance policies. The alleged inquiry was prior to the expiration date of the workmen’s compensation policy. Broadleaf was given a list and amount to be due. The list indicated, according to York, that the workmen’s compensation policy was not due until January 30, 1982. Broadleaf, again according to York, believed that it had paid the indicated amount prior to January 30, 1982.
In view of the above, this court has no alternative but to find there does exist a *311 genuine issue of a material fact regarding the alleged misrepresentation which prohibits the granting of a summary judgment.
The case is reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.