The issue on appeal here is whether a complaint which is filed on the day the statute of limitations would run, but which contains the notation "NO SERVICE TO BE MADE AT THIS TIME," is sufficient to commence a civil action, if it is not in fact served that day.
Marcia Finkelstein, plaintiff/appellant, was injured in an automobile accident which occurred on May 12, 1981, in Homewood, Alabama. The other automobile involved in the accident was driven by Sharon R. Lovell, but the automobile was owned by her husband, James G. Lovell. Appellant filed a complaint, for injuries she allegedly sustained in the accident, in the Circuit Court of Jefferson County, on May 12, 1982, naming both of the Lovells and State Farm Insurance Company, the Lovells' automobile liability insurer, as defendants. Appellant filed her complaint on the last day of the limitations period. See Code 1975, § 6-2-39.
The complaint was prepared by appellant's son, Mayer Finkelstein, who practiced law in New Orleans, Louisiana, and it was entitled "Petition for Damages"; in form, it was similar to the forms used in Louisiana for personal injury actions. It was signed by Leon Capouano of Volz, Capouano, Wampold 
Sansone, P.A., Montgomery; and by Mayer Finkelstein as "of counsel."
Appearing on the last page of the complaint, between Attorney Finkelstein's signature and the jury demand signed by Attorney Capouano, was this notation: "NO SERVICE TO BE MADE AT THIS TIME."
Each of the summonses attached to the complaint bore the clerk's stamp and the date May 12, 1982, the date the complaint was filed. The sheriff's summonses and returns reflect, however, that they were received in the Jefferson County Sheriff's Department on June 14, 1982, and served on State Farm on June 15, 1982, and served on the Lovells on June 17, 1982.
Each defendant answered the complaint and also filed a motion for summary judgment. State Farm's motion for summary judgment was granted on December 21, 1982. Likewise, summary judgment was granted for James Lovell on March 23, 1983, and for Sharon Lovell on September 2, 1983. The appeal taken by plaintiff is only from the summary judgment entered with respect to Sharon Lovell. Thus, the other summary judgments entered by the *Page 1241 
trial court in this case are not before the Court.
Appellee Sharon Lovell asserts in her brief, as she did in her motion for summary judgment, that Freer v. Potter,413 So.2d 1079 (Ala. 1982), and Ward v. Saben Appliance Co.,391 So.2d 1030 (Ala. 1980), are dispositive of the issue here. We agree.
In Ward v. Saben Appliance Co., appellant's attorney filed a complaint which was timely, but he directed the clerk to withhold personal service until he could obtain additional information on the case. Appellees were eventually served nearly four months later. There, this Court held that while the filing of a complaint is a significant factor in commencing an action and suspending the operation of the applicable statute of limitations, it is not the sole factor to be considered. The Court concluded by stating:
 "We hold that in the present case the action was not `commenced' when it was filed with the circuit clerk because it was not filed with the bona fide
intention of having it immediately served. To hold otherwise would permit a party to extend unilaterally the period of limitations by an oral request that actual service be withheld, thereby giving that party an additional period of time within which he could conduct an investigation to determine whether in fact, he had a claim. To permit this would violate the fundamental concept of repose found within every statute of limitations."
391 So.2d at 1035.
Likewise, in Freer v. Potter, the plaintiff ordered the clerk to withhold service of process. We held, among other things, that the action in that case was barred by the statute of limitations because, although the complaint had been filed, there had been no commencement of the action, since there was no intent on the plaintiff's part to prosecute the claim at the time of the filing.
Appellant contends, however, that the facts of this case are distinguishable from the facts in both Ward v. Saben ApplianceCo. and Freer v. Potter, because the clerk of the circuit court testified in this proceeding that she did not hold up service regardless of what appeared on the complaint. Appellant states:
 "The legend on the complaint, `NO SERVICE TO BE MADE AT THIS TIME,' reflects [the intention of the appellant's attorney] that no service was to be made when this case was filed, but his intention was thwarted by the clerk who did her duty, issued the summonses and processed the papers for service."
(Emphasis in original.)
Despite the fact that the appellant's complaint was filed with the clerk on May 12, 1982, the last day of the limitations period, the action was not commenced when it was filed, because of the notation contained on the face of the complaint. On cross-examination by appellee's counsel, Mayer Finkelstein testified, as follows:
 "Q With regard to the complaint that's an exhibit, you don't dispute you typed that legend on there, no service to be made at this time?
 "A It was done at my direction, yes. My secretary did that at my direction.
 "Q And it was on there at the time you signed the complaint as being of counsel, was it not?
"A That's correct.
 "Q And it was in fact your intention that no service was to be made once the case was filed? Wasn't that your intention?
 "A At that time, that's correct. With, I might add in explanation of my answer, that was done knowing that that was customary and that State Farm abides by that practice.
"Q In Louisiana?
"A Yes, sir.
 "Q You are not contending that that's the practice in Alabama, are you?
"A No. I was handling the claim in Louisiana.
 "Q And you never received any assurances from Sharon Lovell that she would not assert the statute, did you?
"A No, sir. *Page 1242 
"MR. COOPER: That's all I have."
As the testimony of Mayer Finkelstein plainly indicates, the complaint filed on behalf of the appellant, his mother, was filed without the bona fide intention of having it served immediately. Consequently, we hold that the rationale of Wardv. Saben Appliance Co. is controlling under these facts and that Sharon Lovell was entitled to judgment as a matter of law,Houston v. McClure, 425 So.2d 1114 (Ala. 1983); Fountain v.Phillips, 404 So.2d 614 (Ala. 1981). The summary judgment is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.