WRIGHT, Presiding Judge.
Oliver Dale McKiven commenced this action in the Circuit Court of Etowah County against Tanksley Trucking Company (Tanksley), G & F Trucking Company (G & F) and C & L Trucking Company, Inc. (C & L), defendants, for the benefits due under the workmen’s compensation law of the State of Alabama. McKiven alleged in his complaint that he was an employee of all the defendants on October 29, 1983, and that he was injured in a motor vehicle accident in the course and scope of his employment. McKiven further alleged that all of the defendants have refused to pay any workmen’s compensation benefits. All three defendants filed motions for summary judgment. Each trucking company alleged that it was not McKiven’s employer and was not responsible for the workmen’s compensation coverage. The trial court granted the motions of Tanksley and G & F and denied the motion of C & L. McKiven appeals from the summary judgment granted in favor of Tanksley and G & F.
The issue presented on appeal is whether the trial court erred when it granted summary, judgment in favor of Tanksley and G & F. McKiven claims that there exists a genuine issue of material fact as to who was responsible to supply workmen’s compensation insurance coverage to the employee.
A trial court may grant a motion for summary judgment only when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Fountain v. Phillips, 404 So.2d 614 (Ala.1981). The burden is upon the moving party to show that the non-movant could not recover under any discernible circumstances. Whitehead v. Davison Oil Co., 352 So.2d 1339 (Ala.1977). This burden is increased by the scintilla evidence rule. The scintilla rule requires that summary judgment not be granted if there is a scintilla of evidence supporting the position of the non-movant. Broadleaf, Inc. v. Pierce, 445 So.2d 308 (Ala.Civ.App.1984).
There is no genuine issue of material fact that prohibits the entry of summary *1305 judgment in this case. Tanksley and G & F both presented affidavits and interrogatories which support their contention that McKiven was not employed by either of them. An affidavit was filed by McKiven which states that he was employed by C & L as a driver at the time of the accident. He also stated that he received his weekly checks from C & L, who deducted federal withholding tax, FICA, state withholding and state unemployment insurance, and that he was never paid by Tanksley or G & F. Claimant testified that he received all instructions and orders from C & L and that on the occasion of the accident he received his instructions from C & L. The evidence reveals that a contractual agreement existed between C & L and Tanksley. This contract stated that it was C & L’s duty to provide workmen’s compensation coverage for its employees. The agreement also stated that “[I]f C and L Trucking Company determines that it is necessary to use drivers, drivers’ helpers, laborers or others to perform the work under this agreement, they shall be employed at C & L Trucking Company’s expense.” The record also discloses that C & L filed answers to interrogatories in which it stated that McKiven was its employee on the date of the accident. Both Tanksley and G & F filed answers to interrogatories in which they denied that McKiven was their employee. Although a trip lease agreement between G & F and Tanksley provided that Tanksley was to furnish workmen’s compensation insurance, this agreement did not provide that McKiven was employed by either of the parties to the agreement.
For the above reasons we find there was not a scintilla of evidence giving rise to a genuine issue of material fact that either Tanksley or G & F were employers of McGiven at the time of his injury. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.